UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE DILLON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13593** |
| **JERRY GOODWIN, WARDEN** | **SECTION "D" (2)** |

<u>**RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF**</u>

  Willie Dillon is a state inmate incarcerated at David Wade Correctional Center. He has applied to this Court for a writ of *habeas corpus* under 28 U.S.C. § 2254. Because his petition does not state a cognizable claim for federal *habeas* relief, his application should be denied.

**I. RECORD**

  Submitted with this response are the records for Dillon's criminal prosecution and post-conviction proceedings in state court, presented in four (4) volumes.[1] Volume 1 contains the record for Dillon's prosecution in Orleans Parish Criminal District Court under case number 404-736 "J." Volume 2 contains the Fourth Circuit record on appeal under docket number 99-KA-2175. Volume 3 contains the records for writ applications to the Fourth Circuit Court of Appeal under docket numbers 2007-K-1051, 2013-K-0815, 2014-K-0705, 2018-K-0863, 2019-K-0075, and 2019-K-0963. Volume 4 contains the records for writ applications to the Louisiana Supreme Court under docket numbers 2013-KH-

---

[1] Undersigned counsel hereby certifies that this is the complete record produced to her by the custodians thereof.

1

2519 and 2019-KK-0417.

Writs were also filed to the Louisiana Supreme Court under docket numbers 2000-K-2815 and 2000-KH-2910. The State requested these records, but never received them. The State recently made another request and was informed that the records are not scanned and that the employee who responds to records requests is currently on medical leave. These records do not pertain to the instant petition, which concerns the trial court's recent denial of a motion to reconsider sentence. As such, the State will provide these records in a supplemental volume upon receipt.

## II.   BACKGROUND

On February 5, 1999, the State filed a bill of information charging Dillon with one count of molestation of a juvenile, a violation of La. R.S. 14:82.1.[2] On April 1, 1999, Dillon was found guilty as charged by a six-person jury after a one-day trial.[3] On June 15, 1999, the trial court sentenced Dillon to 10 years in the custody of the Louisiana Department of Corrections.[4] The State filed a multiple bill of information alleging that Dillon was a triple felony offender, with prior convictions for sexual battery and distribution of cocaine.[5] On June 17, 1999, the trial court found Dillon to be a third felony offender and sentenced him to serve life in the custody of the Louisiana Department of Corrections.[6]

Dillon appealed his conviction under docket number 99-KA-2175. On appeal, he argued that the evidence was insufficient to prove the elements of the charged offense,

---

[2] State Court Record (SCR), Volume (Vol.) 1 of 3, Bill of Information.
[3] SCR, Vol. 1 of 4, 4/1/1999 Minute Entry.
[4] SCR, Vol. 1 of 4, 6/15/1999 Minute Entry.
[5] SCR, Vol. 3 of 4, Multiple Bill.
[6] SCR, Vol. 1 of 4, 6/17/1999 Minute Entry.

2

the trial court erred in failing to grant a motion for mistrial after a witness referenced Dillon's prior conviction, and the life sentence was excessive.[7] On September 6, 2000, the Fourth Circuit affirmed Dillon's conviction and sentence.[8] Dillon filed a writ application to the Louisiana Supreme Court under docket number 2000-K-2815. On September 14, 2001, the Louisiana Supreme Court denied Dillon's writ application.[9]

Dillon filed an application for post-conviction relief, where he argued (i) that his *petit* jury was selected in a discriminatory manner; (ii) that the State violated *Batson v. Kentucky* during jury selection; and (iii) that his trial attorney was ineffective for failing to object to the *Batson* violation and discriminatory jury selection.[10] The trial court ordered Dillon to supplement his application and provide reasoning for why he failed to raise his first two claims in prior proceedings.[11] On December 4, 2003, the trial court denied Dillon's application for post-conviction relief.[12]

On May 28, 2018, Dillon filed a *pro se* motion to correct illegal sentence, arguing that he was entitled to be resentenced pursuant to the Louisiana Supreme Court's ruling in *State ex rel. Esteen v. State*, 2016-0949 (La. 1/30/18), 239 So. 3d 233, 237, reh'g denied, 2016-0949 (La. 3/13/18), 239 So. 3d 266.[13] On September 17, 2018, Dillon filed a counseled supplemental memorandum in support of his original motion to correct illegal sentence, which argued that Dillon's predicate convictions no longer mandated a life sentence, and he was thus entitled to be resentenced pursuant to a change in

---

[7] SCR, Vol. 2 of 4, 99-KA-2175 Appellant Brief, p. 1.
[8] SCR, Vol. 2 of 4, 99-KA-2175 Fourth Circuit Opinion, p. 13.
[9] SCR, Vol. 2 of 4, 2000-K-2815 LASC Writ Action.
[10] SCR, Vol. 1 of 4, PCR Application. Dillon's application for post-conviction relief is signed, but not dated aside from the year 2002.
[11] SCR, Vol. 1 of 4, 11/4/2003 Order.
[12]
[13] SCR, Vol. 3 of 4, Motion to Correct Illegal Sentence.

3

Louisiana sentencing law.[14] On November 2, 2018, Dillon filed a second supplemental memorandum addressing the State's objection to his prior motion to correct illegal sentence.[15] On November 9, 2018, after hearing argument from both sides, the trial court denied Dillon's motion to correct illegal sentence.[16] Dillon filed an application for supervisory writs to the Fourth Circuit Court of Appeal under docket number 2019-K-0075.[17] On February 13, 2019, the Fourth Circuit Court of Appeal denied Dillon's writ application, stating that both of Dillon's predicate offenses mandated a life sentence, even under the more lenient sentencing laws that took effect in 2001.[18] Dillon filed a writ application to the Louisiana Supreme Court under docket number 2019-KK-0417.[19] On June 17, 2019, the Louisiana Supreme Court denied Dillon's writ application.[20]

On November 4, 2019, Dillon filed the instant federal *habeas* petition, raising the same claim that he did in his 2018 motion to correct illegal sentence: that he is entitled to be resentenced pursuant to the Louisiana Supreme Court's ruling in *State ex rel. Esteen v. State*.[21] The State's response follows.

### III.   TIMELINESS

A threshold question in federal *habeas* review is whether the petitioner's §2254 application was timely filed under the one-year limitations period provided by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1) states that this period begins to run from the latest of:

---

[14] SCR, Vol. 3 of 4, Supplemental Memorandum to Correct Illegal Sentence.
[15] SCR, Vol. 3 of 4, 2nd Supplemental Memorandum – *Esteen*.
[16] SCR, Vol. 3 of 4, 11/9/2018 Ruling Transcript, p. 5.
[17] SCR, Vol. 3 of 4, 2019-K-0075 Fourth Circuit Writ Application.
[18] SCR, Vol. 3 of 4, 2019-K-0075 Fourth Circuit Writ Action
[19] SCR, Vol. 4 of 4, 2019-KK-0417 LASC Writ Application.
[20] SCR. Vol. 4 of 4, 2019-KK-0417 LASC Writ Action.
[21] Rec. Doc. 1, p. 5.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A state court judgment becomes final upon "the conclusion of direct review or the expiration of time for seeking such review," § 2244(d)(1)(A), the determination of which is generally a matter of state law. *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008). If, however, direct review continues through the denial of relief by the state's highest court, the petitioner has ninety days thereafter to petition the United States Supreme Court. *Id.*; *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).

Dillon's conviction became final on December 14, 2001, when his time limitation to petition the United States Supreme Court expired after the Louisiana Supreme Court denied his writ application following direct appeal. It appears that he timely filed an application for post-conviction relief, tolling the one-year time limitation until the trial court denied his application on December 4, 2003. However, Dillon's federal *habeas* petition attacks the denial of his motion to correct illegal sentence, which became final on June 17, 2018, when the Louisiana Supreme Court denied his writ application. Dillon

filed his federal *habeas* petition four and a half months later, on November 4, 2019. His petition is therefore timely. However, as discussed below, the claim that Dillon raises is not cognizable in federal *habeas* review.

## IV.    REVIEW UNDER 28 U.S.C. § 2254

In reviewing a timely federal claim under the AEDPA, a *habeas* court must make three findings before it is authorized to grant relief.  First, the claim must have been properly exhausted in the state courts and not be in procedural default; second, the claim must state a cognizable basis for federal *habeas* relief; and third, assuming the state courts reached the merits of the claim, the petitioner must demonstrate that he is entitled to relief under § 2254(d)'s exacting burden of persuasion.  A failure to satisfy any one of these criteria is fatal to the claim.

### A.  EXHAUSTION & PROCEDURAL DEFAULT

To satisfy the exhaustion requirement, "the prisoner must fairly present his claim in each appropriate state court."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation and internal quotation marks omitted).  This generally requires the petitioner to have pursued his claims in a procedurally proper manner all the way to the state's highest court. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) (holding a petitioner must pursue federal claims "through one complete cycle of either state direct appeal or post-conviction collateral proceedings."). Along with exhaustion, the scope of federal habeas review is limited by the doctrine of procedural default.  Procedural default exists where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural

rule provides an independent and adequate ground for the dismissal ("traditional" procedural default); or, (2) the petitioner fails to properly exhaust all available state remedies, and the state court(s) that she would be required to petition would now find her claims untimely ("technical" procedural default). *Bledsue v. Johnson*, 188 F.3d 250, 254-55 (5th Cir. 1999) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, (1986)). In this case, Dillon's claim that he is entitled to be resentenced is exhausted. He raised it in a motion to correct illegal sentence in the trial court, and sought supervisory writs to both the Fourth Circuit and the Louisiana Supreme Court after the trial court denied relief. His claim is therefore exhausted.

### B. COGNIZABILITY & FAILURE TO STATE A CLAIM

A state court judgment is reversible in *habeas* proceedings only if it "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). It follows that the application of state law by state courts presents no issue for *habeas* review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

Under Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Court, a *habeas* petition must "state the facts supporting each ground" for relief presented, and courts have recognized that this is a "more demanding" standard than that of notice pleading under Fed. R. Civ. P. 8(a). *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Thus, while federal courts have a duty to liberally construe a petitioner's *pro se* pleadings, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), "'[b]ald assertions and conclusory

allegations' do not provide a court with sufficient information to permit a proper assessment of *habeas* claims, and a *habeas* court cannot speculate about claims." *Simms v. Carroll*, 432 F. Supp.2d 443, 444 (D. Del. 2006) (quoting *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987)); *see also Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990) (a *habeas* petitioner must plead facts "of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review."). In this case, Dillon's petition does not raise any claims which would trigger federal *habeas* review.

Dillon's petition does not allege that the trial court's ruling was contrary to or involved an unreasonable application of federal law. Instead, he argues that the trial court erred in concluding that he was not entitled to be resentenced pursuant to the Louisiana Supreme Court's ruling in *State ex rel. Esteen v. State*, 2016-0949 (La. 1/30/18), 239 So. 3d 233, 237, reh'g denied, 2016-0949 (La. 3/13/18), 239 So. 3d 266. In *Esteen*, the Louisiana Supreme Court held that a 2001 change in Louisiana sentencing law was to be applied retroactively and could be corrected via a motion to correct illegal sentence filed in the trial court. *Esteen*, 239 So.3d at 237.

In 2001, the Louisiana legislature made certain amendments to various criminal statutes, including La. R.S. 15:529.1, via 2001 La. Acts 403. The legislature then declared that these amendments would apply retroactively to certain defendants convicted or sentenced prior to June 15, 2001. La. R.S. 15:308(B) provides, in pertinent part:

> In the interest of fairness in sentencing, the legislature hereby further declares that the more lenient penalty provisions **provided for in Act No. 403 of the 2001 Regular Session of the Legislature** and Act No. 45 of the 2002 First Extraordinary Session of the Legislature **shall apply to the class**

8

> **of persons who committed crimes, who were convicted, or who were sentenced according to the following provisions**: R.S. 14:56.2(D), 62.1(B) and (C), 69.1(B)(2), 70.1(B), 82(D), 91.7(C), 92.2(B), 92.3(C), 106(G)(2)(a) and (3), 106.1(C)(2), 119(D), 119.1(D), 122.1(D), 123(C)(1) and (2), 352, and 402.1(B), R.S. **15:529.1(A)(1)(b)(ii) and (c)(ii)**, 1303(B), and 1304(B), R.S. 27:262(C), (D), and (E), 309(C), and 375(C), R.S. 40:966(B), (C)(1), (D), (E), (F) and (G), 967(B)(1), (2), (3), and (4)(a) and (b), and (F)(1), (2), and (3), 979(A), 981, 981.1, 981.2(B) and (C), and 981.3(A)(1) and (E), and Code of Criminal Procedure Article 893(A) prior to June 15, 2001, provided that such application ameliorates the person's circumstances.

La. R.S. 15:308(B) (emphasis added). These provisions only apply to those persons "who were sentenced according to [the listed provisions] **prior to June 15, 2001**, provided that such application ameliorates the person's circumstances." *State ex rel. Esteen v. State*, 2016-0949 (La. 1/30/18), 239 So. 3d 233, 237, reh'g denied, 2016-0949 (La. 3/13/18), 239 So. 3d 266. In *Esteen*, the Louisiana Supreme Court held that a defendant could request resentencing pursuant to La. Acts 2001 and La. R.S. 15:308(B) by filing a motion to correct illegal sentence in the trial court. *State ex rel. Esteen v. State*, 2016-0949 (La. 1/30/18), 239 So. 3d 233, 237, reh'g denied, 2016-0949 (La. 3/13/18), 239 So. 3d 266.

Dillon's petition is entirely based on whether he is entitled to the benefit of resentencing based upon a change to Louisiana's habitual offender statute. In short, Dillon argues that the trial court misapplied Louisiana law in denying his motion to correct illegal sentence. Dillon does not claim that the trial court somehow misapplied or disregarded federal law in ruling on his motion to correct illegal sentence. For this reason, Dillon's petition fails to raise a cognizable claim for federal *habeas* review, and should be dismissed with prejudice.

Even assuming that Dillon's claim could be reviewed by this Honorable Court pursuant to 28 U.S.C. § 2254, the state courts correctly applied the relevant state law in

denying his motion to correct illegal sentence. Dillon's life sentence as a third felony offender is permissible pursuant to the amended version of La. R.S. 15:529.1 that took effect in 2001. Therefore, he is not entitled to resentencing pursuant to La. R.S. 15:308(B) and *Esteen*, because the amendment to the habitual offender statute does not ameloriate his sentence. In 2001, when the legislature amended La. R.S. 15:529.1(A)(b)(ii), the new version of the law read as follows:

> If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(13), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

La. R.S. 15:529.1 (effective June 15, 2001). Dillon was convicted of a sex offense involving a victim under the age of 18. His predicate conviction for distribution of cocaine was punishable by a sentencing range of 5-30 years at the time he was convicted. His predicate conviction for sexual battery constitutes a crime of violence. Even under the more lenient version of the Louisiana Habitual Offender statute, Dillon is subject to a mandatory life sentence. Even assuming his federal *habeas* petition stated a cognizable claim for relief, Dillon's argument would be without merit.

## CONCLUSION

Because Dillon's federal *habeas* petition fails to state a claim that is cognizable in federal *habeas* review, the respondent prays that this Honorable Court deny relief and dismiss the petition with prejudice.

Respectfully submitted,

/s/ Irena Zajickova
Irena Zajickova
La. Bar No. 35394
Assistant District Attorney
Parish of Orleans

619 South White Street
New Orleans, Louisiana 70119
Tel.: (504) 571-2858
Email: izajickova@orleansda.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing motion has been served upon the below-listed party by First Class United States Mail this 8th day of August, 2020:

Mr. Willie Dillon, #305881
David Wade Correctional Center
670 Bell Hill Road
Homer, LA 71040

                                              /s/ Irena Zajickova
                                              Assistant District Attorney
                                              Parish of Orleans